LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

JOSE RIVERA,
and JOSE FARFAN,
*on behalf of themselves, FLSA Collective Plaintiffs
and the Class,*

               Plaintiffs,

   v.

A1 RENOVATIONS NY INC.
and JORGE GORDILLO,

               Defendants.

Case No:

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

---

Plaintiffs, JOSE RIVERA and JOSE FARFAN ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, A1 RENOVATIONS NY INC. (the "Corporate Defendant") and JORGE GORDILLO (the "Individual Defendant," and collectively with the Corporate Defendant, the "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JOSE RIVERA, for all relevant time periods, was a resident of Queens County, New York.

6. Plaintiff, JOSE FARFAN, for all relevant time periods, was a resident of New York County, New York.

7. The Defendants operate a single enterprise located at 3248 83RD ST, EAST ELMHURST, NEW YORK, 11370.

8. Corporate Defendant A1 RENOVATIONS NY INC. is a domestic business corporation organized under the laws of the State of New York with a principal place of business

and an address for service of process located at 3248 83RD ST, EAST ELMHURST, NEW YORK, 11370.

9. Individual Defendant, JORGE GORDILLO is the owner of A1 RENVATIONS NY INC. JORGE GORDILLO is a general contractor and moved plaintiffs around different companies. These companies paid JORGE GORDILLO directly and JORGE GORDILLO then paid his employees with less amount and kept the difference. JORGE GORDILLO exercises operational control as it relates to all employees of A1 RENOVATIONS NY INC. including Plaintiffs, FLSA Collective Plaintiffs and the Class. JORGE GORDILLO exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class.

10. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all construction workers (or similar non-exempt employees such as painters, carpenters, plumbers, assistants etc.) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

15.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all construction workers (or similar non-exempt employees such as painters, carpenters, plumbers, assistants etc.) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.  Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay the proper minimum wage, (ii) failing to pay overtime premium for hours worked in excess of 40 per workweek, (iii) failing to pay spread of hours premium and (iv) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.  Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d. Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e. Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

f. Whether Defendants improperly paid Plaintiffs and Class members on a fixed salary basis, when New York State law requires that all non-exempt employees be paid on an hourly basis;

g. Whether Defendants properly compensated Plaintiffs and Class members for overtme under state and federal law; and

h. Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law.

## STATEMENT OF FACTS

23. In or about January 2016, Plaintiff JOSE RIVERA was hired by Defendants to work as a construction worker for A1 RENOVATIONS NY INC. located at 3248 83RD ST, EAST ELMHURST, NY 11370. JOSE RIVERA's employment terminated at January 13, 2018.

24. During the employment of Plaintiff JOSE RIVERA, he worked all over New York City. Specifically, JOSE RIVERA worked over forty (40) hours per week and over ten (10) hours each workday.

25. During the employment of Plaintiff JOSE LEONARDO ROMERO, he was scheduled to work five (5) or six (6) days a week: from 7:30 a.m. to 6:00 p.m., for a total of 52.5 hours or 63 hours per week without any lunch breaks.

26. From the beginning of Plaintiff JOSE RIVERA's employment until in or about August 2017, he was paid $100 per day in cash. From in or about August 2017 until in or about January 2018, he was paid $110 per day in cash. Defendants have failed to provide Plaintiff JOSE RIVERA with any paystubs. JOSE RIVERA was always paid in cash. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

27. In or about January 2014, Plaintiff JOSE FARFAN was hired by Defendants to work as a construction worker for A1 RENOVATIONS NY INC. located at 3248 83RD ST, EAST ELMHURST, NEW YORK 11370. JOSE FARFAN's employment terminated at January 8, 2018.

28. During the employment of Plaintiff JOSE FARFAN, he worked all over New York City. Specifically, JOSE FARFAN worked over forty (40) hours per week and over ten (10) hours each workday.

29. During the employment of Plaintiff JOSE FARFAN, he was scheduled to work five (5) or six (6) days a week: from 7:30 a.m. to 6:00 p.m., for a total of 52.5 hours or 63 hours per week, without any lunch breaks.

30. From the beginning of Plaintiff JOSE FARFAN's employment until in or about June 2015, he was paid a fixed salary of $120 per day. From in or about June 2015 until in or abut June 2016, he was paid a fixed salary of $130 per day. From in or about June 2016 until in or about

November 2017, he was paid a fixed salary of $140 per day. From in or about November 2017 until in or about January 2018, he was paid a fixed salary of $150 per day.

31. Defendants paid Plaintiff JOSE FARFAN in cash at the start of employment. From July 2016 to October 2016, JOSE FARFAN was paid half check and half cash. After that period, JOSE FARFAN was paid in cash again after that period.

32. Defendants have failed to provide Plaintiff JOSE FARFAN with proper paystubs. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

33. Other non-exempt employees worked similar hours, were similarly paid on a fixed salary basis, and were similarly not provided proper paystubs.

34. Although Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

35. Plaintiffs, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded ten (10) hours in length. Defendants never paid them the "spread of hours" premium as required by New York Labor Law.

36. Defendant willfully violated Plaintiffs, FLSA Collective Plaintiffs and Class members' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because Plaintiffs, FLSA Collective Plaintiffs and Class members are non-exempt employees who must be paid on an hourly basis.

37. Defendants failed to keep the proper employment records required under the FLSA and New York Labor Law.

38. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

39. Defendants unlawfully failed to pay Plaintiffs and Class members the spread of hours premium.

40. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage notices or wage statements as required by New York Labor Law. Defendants failed to provide Plaintiffs and Class members with proper paystubs to reflect their hours worked or hourly rate.

41. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

42. Plaintiffs reallege and reaver Paragraphs 1 through 42 of this class and collective action Complaint as if fully set forth herein.

43. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

44. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

45. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

46. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

47. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, plus an equal amount as liquidated damages.

51.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

52.     Plaintiffs reallege and reaver Paragraphs 1 through 52 of this class and collective action Complaint as if fully set forth herein.

53.     At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

54.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them minimum wages, in direct violation of the New York Labor Law.

55.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56.     Defendants willfully violate Plaintiffs' and Class member's rights by paying them on a fixed salary basis when Plaintiffs and Class members were non-exempt employees who should have been paid an hourly rate.

57.     Defendants failed to properly notify Plaintiffs and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

58.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium required by state law.

59.     Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

60.     Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.  An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

j. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiffs as Representative of the Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: March 5, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: ___/s/ C.K. Lee___
C.K. Lee, Esq. (CL 4086)